UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH H. CASNER, ) | 1:10-cv—01081-SKO-HC |
| ) | |
| Petitioner, ) | ORDER DISCHARGING THE ORDER TO |
| ) | SHOW CAUSE THAT ISSUED ON |
| ) | DECEMBER 8, 2010 (Doc. 7) |
| v. ) | |
| ) | ORDER DIRECTING PETITIONER TO |
| KATHLEEN DICKINSON, Warden, ) | WITHDRAW HIS UNEXHAUSTED CLAIMS |
| ) | WITHIN THIRTY (30) DAYS OF |
| Respondent. ) | SERVICE OR SUFFER DISMISSAL OF |
| ) | THE ACTION (Doc. 1) |
| ) | |
| | DEADLINE: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on July 2, 2010 (doc. 5). Pending before the Court is the Court's order to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies as to some claims. The order to show cause issued on December 8, 2010. Petitioner filed a response to the order to show cause on January 3, 2011.

///

1

The petition raises various claims concerning Petitioner's Tuolumne County convictions of spousal rape, kidnaping, burglary, and threats with various enhancements concerning a firearm. (Pet. 1.)

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule

8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.   <u>Exhaustion of State Court Remedies</u>

### A.   <u>Legal Standards</u>

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.

Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert

4

> the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

     B.   Analysis

The Court's initial review of the petition in this case disclosed that Petitioner raises the following grounds: 1) a two-part claim of ineffective assistance of counsel based on a) counsel's failure to move to strike inadmissible character evidence in the form of testimony of a car dealer that she was scared of Petitioner when he bought a car before the incidents constituting the offenses, and b) trial and appellate counsel's failure to raise Petitioner's mental condition in his defense (pet. 5-6); 2) the trial court's failure to instruct that the victim's hearsay statement to a medical examiner was not admissible for the truth of the matters asserted, which resulted in improper bolstering of the victim's trial testimony (pet. 7); 3) ineffective assistance of trial counsel in failing to request

5

an instruction concerning the use of the prior hearsay statement of the victim (pet. 8-9); and 4) cumulative error (pet. 10-11).

Petitioner's statements in the petition concerning exhaustion of state court remedies were inconsistent. Further, Petitioner had not provided a copy of the petition for review filed in the California Supreme Court, and he does not specifically describe the proceedings in the California Supreme Court.

In response to the order to show cause, Petitioner provided the Court with a copy of the petition for review that he filed in the California Supreme Court on September 9, 2009. The petition reveals that the issues raised before the California Supreme Court included the following: 1) trial counsel rendered ineffective assistance when he failed to move to strike the statement of Amy Lane, a car salesperson, that she tried not to have any contact with Petitioner because she was scared of him; 2) the trial court erred and violated Petitioner's right to due process of law when it "impliedly" instructed the jury that the complaining witness's prior consistent statement to a forensic nurse was admissible for its truth; and 3) insofar as the instructional error was preserved only under the doctrine of ineffective assistance of counsel, Petitioner's right to counsel under the Sixth and Fourteenth Amendments was violated. (Doc. 8, 3, 9-23, 18, 23.)

A review of the petition for review filed in the California Supreme Court reveals that the first part of Petitioner's first ineffective assistance claim was raised below, namely, the contention concerning failure to move to strike the car dealer's

6

testimony. However, the second portion of the first claim concerning trial and appellate counsel's failure to raise Petitioner's mental condition in his defense was not raised before the California Supreme Court. Further, the claims concerning the trial court's instructional error concerning the victim's hearsay statement to a medical examiner, and counsel's allegedly ineffective assistance in not preserving such a claim, were also raised before the California Supreme Court.

In summary, Petitioner's claims concerning allegedly ineffective assistance of trial and appellate counsel in not raising Petitioner's mental condition in his defense, and his claim concerning cumulative error, were not raised before the California Supreme Court. Thus, as to these claims, Petitioner has failed to exhaust his state court remedies.

### C. Withdrawal of Unexhausted Claims

Where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir.

2000).

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

III. Disposition

Accordingly, it is hereby ORDERED that:

1) The order to show cause that issued on December 8, 2010, is DISCHARGED; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the petition without prejudice.[1]

---

[1] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).
Petitioner is further informed that the Supreme Court has held in pertinent part:
> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b). Slack v. McDaniel, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

Petitioner is INFORMED that a failure to respond to this order will result in dismissal of the petition.

IT IS SO ORDERED.

**Dated:    July 8, 2011**                          /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE