UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH H. CASNER,<br><br>        Petitioner,<br><br>  v.<br><br>KATHLEEN DICKINSON, Warden,<br><br>        Respondent. | 1:10-cv-01081-SKO-HC<br><br>ORDER PERMITTING PETITIONER TO FILE NO LATER THAN THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER SUPPLEMENTAL BRIEFING AND MATERIALS CONCERNING HIS MOTION FOR A STAY PURSUANT TO RHINES V. WEBER (Doc. 7) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on July 2, 2010 (doc. 5). Pending before the Court is Petitioner's response to the Court's order concerning withdrawal of unexhausted claims, which in substance is Petitioner's motion for a stay of the proceedings pursuant to Rhines v. Weber, 544 U.S. 269, 276 (2005) to enable Petitioner to exhaust state court remedies as to some of the claims in the petition.

The petition raises various claims concerning Petitioner's Tuolumne County convictions of spousal rape, kidnaping, burglary,

1

1 and threats with various enhancements concerning a firearm.
2 (Pet. 1.)
3    The Court's initial review of the petition in the instant
4 case disclosed that Petitioner raises the following grounds in
5 the petition:  1) a two-part claim of ineffective assistance of
6 counsel based on a) counsel's failure to move to strike
7 inadmissible character evidence in the form of testimony of a car
8 dealer that she was scared of Petitioner when he bought a car
9 before the incidents constituting the offenses, and b) trial and
10 appellate counsel's failure to raise Petitioner's mental
11 condition in his defense (pet. 5-6); 2) the trial court's failure
12 to instruct that the victim's hearsay statement to a medical
13 examiner was not admissible for the truth of the matters
14 asserted, which resulted in improper bolstering of the victim's
15 trial testimony (id. at 7); 3) ineffective assistance of trial
16 counsel in failing to request an instruction concerning the use
17 of the prior hearsay statement of the victim (id. at 8-9); and 4)
18 cumulative error (id. at 10-11).
19    In response to the Court's order to show cause why the
20 petition should not be dismissed because Petitioner had not
21 alleged that he had exhausted state court remedies as to all the
22 claims, Petitioner provided the Court with a copy of the petition
23 for review that he filed in the California Supreme Court on
24 September 9, 2009.  It revealed that the fourth claim regarding
25 cumulative error, as well as the second portion of the first
26 claim concerning trial and appellate counsel's failure to raise
27 Petitioner's mental condition in his defense, were not raised
28 before the California Supreme Court.  Thus, as to these claims,

1 Petitioner has failed to exhaust his state court remedies.

2     On July 11, 2011, the Court directed Petitioner to withdraw
3 his unexhausted claims within thirty days or suffer dismissal of
4 the action. In response, Petitioner filed on August 9, 2011, a
5 response in which he moved for an order pursuant to Rhines v.
6 Weber, 544 U.S. 269 (2005) staying all claims pending exhaustion
7 of state court remedies as to the unexhausted claims. If the
8 Court were unwilling to enter such a stay order, Petitioner
9 requested that the unexhausted claims be dismissed without
10 prejudice and that the Court proceed to adjudicate the petition
11 as to the exhausted claims.[1]

12     A district court has discretion to stay a petition which it
13 may validly consider on the merits. Rhines v. Weber, 544 U.S.
14 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir.
15 2009). Under Rhines, the Court has discretion to stay
16 proceedings; however, this discretion is circumscribed by the
17 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).
18 Rhines, 544 U.S. at 276-77. In light of AEDPA's objectives,
19 "stay and abeyance [is] available only in limited circumstances"
20 and "is only appropriate when the district court determines there
21 was good cause for the petitioner's failure to exhaust his claims
22 first in state court." Id. at 277-78. A stay of a mixed
23 petition pursuant to Rhines is required only if 1) the petitioner
24 has good cause for his failure to exhaust his claims in state

---

[1] Petitioner did not move for the alternate form of stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), in which unexhausted claims are withdrawn from the petition, the exhausted claims are held in abeyance while state court remedies are being exhausted, and then the petitioner moves to amend the petition to add the newly exhausted claims upon completion of the state court processes of exhaustion.

3

1  court; 2) the unexhausted claims are potentially meritorious; and
2  3) there is no indication that the petitioner intentionally
3  engaged in dilatory litigation tactics.  Id.  A petitioner's
4  mental condition may constitute good cause under Rhines.  See,
5  Berry v. Jacquez, 2011 WL 4738336, *5 (E.D.Cal. May 21, 2011).
6       In his motion for a stay, Petitioner asserted that the
7  mental condition that formed the basis of the defenses that his
8  counsel were allegedly ineffective in not raising had also
9  resulted in his transfer from the general prison population to
10 the California Medical Facility at Vacaville and had impaired his
11 ability to pursue the claims in the state courts to date.
12 Further, his counsel had not advised him of the claims or the
13 need to pursue them.  (Doc. 10, 1:23-28.)  Petitioner's
14 assertions were unsworn.  Petitioner stated that if the Court
15 desired further evidentiary showing of Petitioner's mental
16 infirmities as a condition of a stay, he requested thirty days in
17 which to provide it.
18      The Court must determine whether or not there is good cause
19 for failing to exhaust the unexhausted claims and whether
20 Petitioner was sufficiently diligent in pursuing his claims.  The
21 Court presently has little information concerning Petitioner's
22 mental condition and how it affected his ability to exhaust his
23 state court remedies as to the pertinent claims  Further, the
24 Court has little information as to what steps have been taken to
25 exhaust state court remedies as to the unexhausted claims, and
26 when such steps were taken.
27 ///
28 ///

4

Accordingly, Petitioner may file supplemental briefing and evidentiary materials in support of his motion for a <u>Rhines</u> stay no later than thirty (30) days after the date of service of this order.

IT IS SO ORDERED.

**Dated:   November 21, 2011**             /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE