UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH H. CASNER,<br><br>        Petitioner,<br><br>  v.<br><br>KATHLEEN DICKINSON, Warden,<br><br>        Respondent. | 1:10-cv—01081-SKO-HC<br><br>ORDER DIRECTING THE CLERK TO STRIKE THE PURPORTED APPEARANCE OR SUBSTITUTION OF COUNSEL AND THE CONSENT TO JURISDICTION OF THE MAGISTRATE JUDGE (DOCS. 18, 19)<br><br>ORDER GRANTING PETITIONER'S PURPORTED COUNSEL TWENTY (20) DAYS WITHIN WHICH TO FILE A SUBSTITUTION OF COUNSEL IN COMPLIANCE WITH LOCAL RULE 182 |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on July 2, 2010 (doc. 5).

    I.  Background

    On March 12, 2012, the Court ordered Respondent to file within sixty days a response to the claims remaining in the petition. On May 3, 2012, Respondent filed a motion for an extension of time to respond to the petition. On May 9, 2012, an order concerning consent which had been mailed to Petitioner was

returned to the Court as undeliverable with a notation of inability to forward the mail. On May 15, 2012, the Court issued an order to Petitioner to show cause within thirty days why the action should not be dismissed for Petitioner's failure to inform the court of his current address; the Court's order to Respondent to respond to the petition was stayed pending receipt of updated address information from Petitioner.

On June 7, 2012, attorneys Robert J. Beles, Paul McCarthy, and David Reagan filed what was entitled as an "APPEARANCE OF COUNSEL," which was not signed by Petitioner. Counsel further purported to file a duplicative consent to the jurisdiction of the Magistrate Judge. Petitioner did not otherwise respond to the order to show cause.

Local Rule 182(a)(2) provides various methods for an attorney to appear in an action: signing or filing an initial document, listing the attorney's name in the upper left-hand corner of the first page of an initial document, physically appearing at a court hearing in the matter followed by confirmation of appearance, or filing and serving a substitution of attorneys. Local Rule 182(g) provides that an attorney who has appeared in an action may substitute another attorney and withdraw by submitting a substitution of attorneys that is approved by the Court. Rule 182(g) sets forth the formal requirements for a substitution of attorneys.

II.  <u>Orders</u>

The purported substitution of counsel for Petitioner was not accomplished in accordance with the local rules. A court may strike a document that does not conform to the formal

requirements of the pertinent rules of court. Fed. R. Civ. P. 12(f); <u>Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 143 F.R.D. 189, 191 (N.D. Ill. 1992).  The purported substitution of counsel filed on June 7, 2012, was ineffective, and the Clerk IS DIRECTED to strike it from the record.

Further, the purported, duplicative consent to jurisdiction filed by counsel on June 7, 2012, was not filed by counsel of record.  The Clerk is DIRECTED to strike it from the record.

Petitioner's purported counsel may FILE no later than twenty (20) days after the date of service of this order a substitution of attorneys in compliance with the applicable rules of court.

The Court's previous order to show cause has not been discharged.  Absent the filing within twenty (20) days of a timely and proper substitution of counsel if Petitioner intends to proceed with counsel, or the filing of updated address information by Petitioner if he intends to proceed pro se, the action will be subject to dismissal for failure to follow an order of the Court and failure to prosecute.  The Court notes that pursuant to Local Rule 183(b), updated address information is due from Petitioner on or about July 16, 2012, or the action may be dismissed without prejudice.

Pending further order of the Court, the Court's stay of its order directing Respondent to file a response to the petition (doc. 12) remains in effect.

IT IS SO ORDERED.

**Dated:   June 25, 2012**                    **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE